IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DONNA K. MASON, )
  )
  Plaintiff, )
  )
v. ) Case No. CIV-09-331-KEW
  )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
  )
  Defendant. )

**OPINION AND ORDER**

Plaintiff Donna K. Mason (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 27, 1948 and was 59 years old at the time of the ALJ's decision. She completed her high school education. Claimant has engaged in past relevant work as a waitress and store clerk. Claimant alleges an inability to work beginning March 1, 1997 due to problems with her feet and legs,

shoulders and upper extremities, arthritis, and stomach problems, including chronic diarrhea, and intermittent sleep.

## Procedural History

On December 16, 2003, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On April 5, 2007, Claimant appeared at a hearing before ALJ Charles Headrick in Sallisaw, Oklahoma. By decision dated June 22, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On July 23, 2009, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found Claimant that while Claimant suffered from certain severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in

(1) engaging in a faulty credibility analysis; and (2) arriving at an improper RFC by not including all of Claimant's limitations.

### Credibility Determination

Claimant contends the ALJ improperly discounted her credibility on claims of pain. In his decision, the ALJ recounted Claimant's testimony on the level of her disability as follows:

> The claimant states that she is disabled due to muscle pain, joint pain, fatigue and weakness. She testified that her past work as a waitress required her to lift 20-30 pounds and stand 8 hours a day and she could no longer do the job due to difficulty lifting, standing and walking. The claimant also reported that she had stomach problems secondary to her prescribed arthritis medication.
>
> After considering the evidence of record during the relevant period, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 15).

The ALJ noted that very little information regarding the relevant period from March 1, 1997 to December 31, 2001 is included in the record. (Tr. 15). Claimant disputes this statement, pointing out a litany of medical records within this period. (Tr. 92-119). Claimant's counsel's method of indicating these records to this Court is severely lacking. He merely points out the

5

existence of the records without any statements or arguments concerning their relevance, their support of Claimant's testimony, or even their content. This Court has reviewed the record, searching for medical support for Claimant's testimony of limitation, without Claimant's counsel's assistance. The search was not fruitful. The ALJ accurately recited the treatment received by Claimant during the relevant period and it does not support Claimant's testimony of limitation upon her ability to work to the extent alleged.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the

individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

This Court finds nothing in the medical record to call the ALJ's findings on credibility into question. Indeed, Claimant's testimony is less than credible in light of the medical treatment reflected in the administrative record before the Court.

### RFC Determination

Claimant next enumerates various limitations to which she testified in the administrative hearing - limitations exceeding those found by the ALJ in his RFC evaluation. The ALJ determined Claimant was limited to lifting 20 pounds occasionally and 10 pounds frequently as well as sitting, standing, and walking about 6 hours in an 8 hour day. (Tr. 14). Nothing in the medical record supports a more restrictive RFC, other than Claimant's testimony which has been found to be less than credible. (Tr. 521-524). This Court's position is supported by the fact Claimant did not cite to any supporting evidence in the record from a competent

7

medical source. As a result, this Court finds the ALJ's RFC is supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 27th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE